### KEHOE et al. v. BRADFORD & LASHER.

(Circuit Court, D. Vermont. January 28, 1910.)

#### No. 98.

PATENTS (§ 282*)—SUIT FOR INFRINGEMENT—ANCILLARY SUIT.
    The complainants in a suit in a federal court for infringement of a patent, in which an interlocutory decree has been entered adjudging infringement and granting an injunction, cannot, while such suit is still pending, maintain a suit in another district for the sole purpose of having the defendants therein adjudged to have been the real parties in interest in the prior suit and bound by the decree and injunction.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 282.*]

In Equity. Suit by Charles S. Kehoe and others, executors, against Bradford & Lasher. On demurrer to bill. Demurrer sustained.

Chas. F. Perkins, for complainants.
Wm. A. Macleod, for defendants.

MARTIN, District Judge. The complaint, briefly stated, alleges that the orators have been duly appointed executors and executrix, respectively, of the last will and testament of Charles Cooper, late of Ben-

nington, Vt., and that the said Cooper was the lawful owner of a certain patent of new and useful improvements in circular knitting machines. It seems to be drawn in due form, and contains the essential allegations as to the patent, its usefulness, validity, and ownership by the said Charles Cooper at the time of his decease, and of an infringement of said patent by the defendants. It further alleges that the said Charles Cooper on the 3d day of November, 1903, filed a bill of complaint in the Circuit Court of the United States for the District of Massachusetts against the Otis Company, a corporation organized under the laws of Massachusetts, and a citizen and resident of Massachusetts, and having its usual place of business in Ware, for an infringement of said letters patent; that pleadings were filed and issues joined; that the said defendants, Bradford & Lasher, assumed and conducted the defense of said suit as the manufacturers of said machine so used by the defendant Otis Company, and that they were the real defendants in said suit; that they conducted the trial thereof, adduced evidence, and cross-examined witnesses; that on the 5th day of June, 1909, an interlocutory decree for complainants was entered by order of said Circuit Court for the District of Massachusetts, adjudicating said letters patent to be good and valid, and that the fourth claim thereof was infringed by the defendants, and an order and injunction restraining the defendant from further infringement, etc.

"And by reason of these said acts and matters done by the said Bradford & Lasher in the defense of said suit, and with the orators' knowledge, the said defendants herein are now estopped to deny that they were the real defendants in said suits against the said Otis Company, and from setting up or relying upon any matter in this suit, denying or impeaching the validity of your orators' said patent or its infringement, and from relying upon any and all defenses to this said bill of complaint.

"To the end, therefore, that the said defendants, Bradford & Lasher, may answer the premises, that the said Bradford & Lasher may be decreed to have been the real parties defendant in the said suit against the Otis Company, to be included in and bound by the said decree of the said court in the said case, and by the injunction heretofore issued in the said suit, and be enjoined and restrained from setting up or relying upon any and all defenses to the merits of your orators' bill of complaint."

The prayer of the bill is to the effect that these defendants be declared to be the real parties defendant in the suit against the Otis Company, to be included in and bound by the decree therein, by the injunction therein, that they be enjoined from setting up any defenses to the merits of the present bill of complaint, for an account of profits and damages, and for general relief.

There is no prayer that the defendants be adjudged infringers, or for an injunction, except that this court in this district enforce the injunction orders of the court of Massachusetts therein granted upon an interlocutory decree.

To this the defendants demur. Had the orators, in their bill of complaint, set forth the action which is still pending in the Circuit Court of the United States for the District of Massachusetts and the proceedings therein for the purpose of obtaining a preliminary injunction order in this court, or to inform the defendants that, should the decree in the Otis Case become final, they should ask that such decree operate as an estoppel as to the merits involved in the case in this dis-

trict, such pleading might not be deemed impertinent, if accompanied with prayer that the defendants be adjudged infringers and with the ordinary prayers for relief. Such averments might be answered and issues joined; but the allegation that the interlocutory decree in another district, while the case is still pending in that district, shall operate as an estoppel, and the defendants be denied all right to plead the merits, is defective, and to that part of the bill thus framed the defendants are not bound to answer.

The demurrer is sustained, with leave for the complainant to amend within 30 days. The matter of terms with the court.